UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-131-FDW

| | |
|---|---|
| EDDIE LEVORD TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RICHARD BONER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of the civil rights complaint filed by Plaintiff which seeks monetary damages and relief from his criminal judgment. For the reasons that follow, this action will be dismissed.

## I.  BACKGROUND

On January 27, 2012, Plaintiff was convicted in Mecklenburg County Superior Court on several felonies and sentenced as a habitual felon. Petitioner was sentenced to an active term of 15-years and 5-months in prison. Plaintiff appealed his state criminal judgment to the North Carolina Court of Appeals and his judgment was affirmed. See State v. Taylor, 741 S.E.2d 512, 2013 WL 1315857 (N.C. Ct. App. 2013) (unpublished table decision). Plaintiff is presently confined in the Maury Correctional Institution.

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 and contends that certain procedural aspects of his case were unconstitutional. In particular, Plaintiff argues that the State erred in the process of appointing him a court appointed attorney because an affidavit of indigency was not obtained and filed with the court. Plaintiff seeks monetary damages for each day of his incarceration and he pleads for a fair trial.

1

On February 19, 2014, the Clerk in this district docketed a petition for habeas corpus which was filed pursuant to 28 U.S.C. § 2254. (3:14-cv-79-FDW, Doc. No. 1). In this petition, Plaintiff also includes his contention that the appointment of counsel process was fatally flawed and that his constitutional rights have been violated. The habeas matter is presently under review.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

It is well-settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief through a § 1983 proceeding which challenges an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477,

486-87 (1994). See also Wilkinson v. Dotson, 544 U.S. 74, 80 (2005) (The Court in Heck "pointed to the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.") (quoting Heck, 512 U.S. at 486). Accordingly, the Court must consider whether a judgment in Plaintiff's favor in this action would necessarily imply the invalidity of his conviction. If it would, then the Court must dismiss the complaint unless Plaintiff can demonstrate that the conviction has already been terminated. Heck, 512 U.S. at 487. As Plaintiff's federal habeas petition that challenges his state criminal judgment is pending before this Court, Plaintiff's § 1983 complaint will be dismissed without prejudice.

### IV. CONCLUSION

Based on the foregoing, because the Court finds that Plaintiff cannot make a showing that his conviction has been set aside, his claim for monetary relief and relief from his conviction must be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice.** (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

Signed: April 3, 2014

Frank D. Whitney
Chief United States District Judge